**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Jose VEGA, Appellant.**

Superior Court of Pennsylvania.

Submitted May 1, 2000.

Filed June 16, 2000.

Jose Vega, appellant, pro se.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before KELLY, J., CERCONE, President Judge Emeritus, and BROSKY, J.

CERCONE, President Judge Emeritus.

¶ 1 Jose Vega appeals, *pro se*, from the order entered July 19, 1999, disposing of his second petition brought pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546 ("PCRA" or "the Act"). Vega's petition was dismissed on the basis of untimeliness, pursuant to 42 Pa.C.S.A. § 9545. We affirm.

¶ 2 In May of 1991, Vega shot and killed his paramour's husband in the presence of witnesses. Subsequently, on February 10, 1992, the Honorable Joseph D. O'Keefe conducted a bench trial at which he found Vega guilty of third-degree murder and possession of an instrument of crime ("PIC").[1] Judge O'Keefe deferred sentencing and ordered a pre-sentence report, including a mental health evaluation.

---

1. 18 Pa.C.S.A. §§ 2502(c) and 907, respectively.

Vega filed post-verdict motions, which the Trial Court denied. On May 6, 1992, Judge O'Keefe sentenced Vega to serve seven and one-half (7–1/2) to fifteen (15) years on the murder conviction, with a concurrent term of one (1) to two (2) years on the PIC conviction. Vega did not pursue a direct appeal.

¶ 3 On November 6, 1992, Vega filed his first *pro se* petition for post-conviction relief. The PCRA Court appointed counsel who subsequently filed an amended petition on Vega's behalf. The PCRA Court conducted an evidentiary hearing on the matters raised therein. On September 20, 1993, the Honorable Joseph I. Papalini dismissed the PCRA petition.[2] This Court affirmed the dismissal and the Pennsylvania Supreme Court subsequently denied Vega's request for allowance of appeal. *Commonwealth v. Vega*, 440 Pa.Super. 637, 654 A.2d 603 (Pa.Super.1994) (No. 3107 Philadelphia 1993, filed 9/23/94), *appeal denied*, 540 Pa. 612, 656 A.2d 118 (1995).

¶ 4 Vega then filed a second *pro se* PCRA petition, on February 1, 1999.[3] The matter was assigned to Judge O'Keefe who, on May 24, 1999, provided Vega with notice pursuant to Rule of Criminal Procedure 1507(a) that he intended to dismiss the PCRA petition as untimely filed. Vega filed a response to the notice on June 9, 1999, again raising the same arguments presented in his *pro se* PCRA petition. On July 19, 1999, Judge O'Keefe dismissed the petition as untimely. Vega's notice of appeal followed on August 2, 1999. The PCRA Judge entered an order directing Vega to provide a Concise Statement of Matters Complained of on Appeal. Vega

complied on August 18, 1999. Judge O'Keefe subsequently filed an opinion pursuant to Rule of Appellate Procedure 1925.

¶ 5 In this timely appeal, Vega presents the following issues for our consideration:

1. WHETHER THE TRIAL COURT ERRED IN DENYING APPELLANT'S PCRA PETITION AS UNTIMELY FILED[.]

2. WHETHER THE TRIAL COURT ERRED IN NOT APPOINTING COUNSEL TO REPRESENT APPELLANT IN THE PCRA PETITION[.]

Appellant's Brief at 2. Before addressing these claims, we note that an appellate court's review of an order denying post conviction relief is limited to examining whether the evidence of record supports the determination of the PCRA court and whether the ruling is free from legal error. *Commonwealth v. Carpenter*, 555 Pa. 434, 445, 725 A.2d 154, 159–160 (1999). We grant great deference to the findings of the post conviction court, which will not be disturbed unless they have no support in the certified record. *Commonwealth v. Granberry*, 434 Pa.Super. 524, 644 A.2d 204, 207 (1994).

¶ 6 Vega first contends that the PCRA court erred in dismissing the *pro se* petition as untimely filed. The Legislature modified the PCRA's timing requirements in 1995, effective January 16, 1996. *See Commonwealth v. Crider*, 735 A.2d 730, 732 (Pa.Super.1999) (discussing the implementation and mandate of the 1995 alterations to section 9545 of the PCRA). Un-

---

**2.** Among other things, Vega's first PCRA petition requested reinstatement of direct appeal rights *nunc pro tunc* on the grounds that trial counsel was ineffective for failing to file a direct appeal. Judge Papalini explicitly determined that Vega was not entitled to appeal *nunc pro tunc* from the judgment of sentence because Vega never requested trial counsel to pursue a direct appeal. *See* Trial Court Opinion, filed 9/23/94, at 6–7.

**3.** If a first PCRA petition has resulted in reinstatement of appellate rights *nunc pro tunc*, this court has the authority to treat a subsequently filed PCRA petition as a "first petition." *See Commonwealth v. Priovolos*, 746 A.2d 621, 624 (Pa.Super.2000) *citing Commonwealth v. Lewis*, 718 A.2d 1262, 1263–1264 (Pa.Super.1998). However, as noted above, the PCRA Court explicitly denied Vega's request for reinstatement of direct appeal rights, and that decision was affirmed by this Court.

der the applicable version of the statute, all PCRA petitions must be filed within one year of the date on which the judgment of sentence becomes "final," except under three very limited circumstances:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

(4) For purposes of this subchapter, "government officials" shall not include defense counsel, whether appointed or retained.

42 Pa.C.S.A. § 9545(b).

¶ 7 The new timing requirements provide that a petitioner whose judgment of sentence became final on or before January 16, 1996, shall be deemed to have filed a timely petition if his or her *first* petition was filed on or before January 16, 1997. *Crider, supra* (interpreting the case law filed pursuant to 42 Pa.C.S.A. § 9545). As we previously noted, Judge O'Keefe imposed sentence in this case on May 6, 1992. Because Vega did not pursue a direct appeal, his judgment of sentence became final for the purposes of the PCRA thirty (30) days after that date. *See* 42 Pa.C.S.A. § 9545(b)(3) (time for filing PCRA petition) and Pa.R.A.P. 903(a) (notice of appeal must be filed within 30 days). The time allowed for filing a direct appeal with this Court therefore expired on June 5, 1992 and Vega's sentence became final for the purposes of the PCRA on that date. On its face, then, the PCRA petition underlying this appeal would appear to be untimely because it was not filed until almost seven years later.

¶ 8 Nevertheless, section 9545, as modified in 1995, contains a proviso that grants a one year grace period to petitioners whose judgments of sentence became final on or before the effective date of the amendment:

Section 3(1) of Act 1995 (Spec.Sess. No. 1), Nov. 17, P.L. 1118, No. 32 provides that the amendment of 42 Pa.C.S. §§ 9542, 9543, 9544, 9545 and 9546 shall apply to petitions filed after the effective date of this act; however, *a petitioner whose judgment has become final on or before the effective date of this act shall be deemed to have filed a timely petition under 42 Pa.C.S. Ch. 95 Subch. B if the petitioner's first petition is filed within one year of the effective date of this act.*

42 Pa.C.S.A. § 9545, **Historical and Statutory Notes** (emphasis added). The effective date of the amendment was January 16, 1996. Thus, where the petitioner's first petition was filed by January 16, 1997, it would be deemed timely. *Id.*; *Crider, supra.* Unfortunately for Vega, this was his second petition, and it does not fall within the one year preservation window.

Again, Vega's petition appears to be manifestly untimely. *See Commonwealth v. Alcorn*, 703 A.2d 1054, 1056–1057 (Pa.Super.1997), *appeal denied*, 555 Pa. 711, 724 A.2d 348 (1998) (one year "window of opportunity" doesn't apply to second or subsequent PCRA petitions).

¶ 9 Section 9545 will excuse untimeliness, however, if the failure to file the PCRA petition within the applicable time period was the result of (1) interference from government officials; (2) facts unbeknownst to the petitioner which could not have been ascertained through the exercise of due diligence; or (3) the retroactive application to claims raised in the petition involving a constitutional right recently recognized by the United States or Pennsylvania Supreme Court. 42 Pa.C.S.A. § 9545(b)(1)(i), (ii) and (iii). Vega does not contend that the first or the third exceptions apply to this case. However, he has attempted to bring this appeal within the purview of the second exception by arguing that he only recently discovered that the Bureau of Corrections and the Board of Probation and Parole have misinterpreted the sentence imposed by Judge O'Keefe as an "indefinite sentence," thus effectively creating an illegal sentence in this case.

¶ 10 Under other circumstances, we might find that such a contention would suffice to bring an otherwise untimely PCRA petition within the confines of the exception set forth under subsection 9545(b)(1)(ii) as a valid "after discovered evidence" claim. However, in the present case, Vega has neglected to provide, in both his PCRA petition and in his brief, the date on which he learned of the Parole Board's action. Moreover, the certified record fails to disclose the relevant date. This is a point of vital significance because any petition invoking an exception to the PCRA's timing provisions must be filed within sixty days of the date the claim first could have been presented. 42 Pa.C.S.A. § 9545(b)(2). This rule is of jurisdictional significance and will be enforced strictly, even in a capital case. *See Commonwealth*

*v. Beasley*, 559 Pa. 604, 607 & 610, 741 A.2d 1258, 1260 & 1261–1262 (1999). Since we cannot ascertain whether Vega acted promptly and filed his PCRA petition within sixty days of discovering the Parole Board's alleged error, we cannot provide relief under the exception set forth at subsection 9545(b)(1)(ii). *See Commonwealth v. Lark*, 560 Pa. 487, 492, 746 A.2d 585, 588 (2000) (PCRA petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty day time frame of subsection 9545(b)(2)).

¶ 11 Because Vega is acting *pro se*, we note for his benefit that his contention that the Board of Probation and Parole erred in denying him parole at his minimum date would not warrant relief under the PCRA, even if we could reach the merits of the claim. The Board of Probation and Parole determines whether to parole a prisoner whose aggregate maximum sentence exceeds two years. *Commonwealth v. Jamison*, 438 Pa.Super. 378, 652 A.2d 862, 863 (1995), *aff'd sub nom. Commonwealth v. Tilghman*, 543 Pa. 578, 673 A.2d 898 (1996). Here, the aggregate sentence exceeded two years. Therefore, the Board maintained exclusive authority over decisions related to Vega's parole. Appeals from administrative parole orders are within the exclusive jurisdiction of the Commonwealth Court. *Commonwealth v. McDermott*, 377 Pa.Super. 623, 547 A.2d 1236, 1240 (1988). Vega attempted to circumvent the Commonwealth Court's authority over administrative parole orders by filing a PCRA petition with the Philadelphia County Court of Common Pleas. The PCRA is not the proper vehicle to seek review of the Board's administrative decisions. *See Commonwealth v. LeGrande*, 389 Pa.Super. 457, 567 A.2d 693, 695 (1989) (neither a PCRA petition nor a writ of habeas corpus will serve as a proper means to challenge the Board's determination of parole eligibility). *See also Commonwealth v. Perry*, 386 Pa.Super. 534, 563 A.2d 511, 513 (1989) (filing a PCRA petition is not a proper method of contest-

ing the Bureau of Corrections' calculation of sentences).

¶ 12 Vega additionally claims that the petition cannot be barred as untimely on the grounds that the sentence imposed was illegal. Legality of sentence is always subject to review within the PCRA, however, the claim must first satisfy the Act's time limitations or one of its exceptions. *Commonwealth v. Fahy*, 558 Pa. 313, 331, 737 A.2d 214, 223 (1999). This is a jurisdictional matter. *Id.* Vega's petition was untimely filed and falls within no exception to the PCRA. Therefore, this claim is not cognizable and provides no basis for relief.

¶ 13 Finally, Vega argues that the PCRA court erred in failing to appoint counsel to assist him with his current petition. We note that Vega has abandoned this issue in the argument section of his brief. An appellate brief must provide a discussion of the issue raised along with citations to pertinent legal authorities. *Commonwealth v. Rodgers*, 413 Pa.Super. 498, 605 A.2d 1228, 1239 (1992), *appeal denied*, 532 Pa. 655, 615 A.2d 1311 (1992). This court will not assume the role of advocate for an appellant when the issues in his brief are improperly raised and undeveloped or abandoned, lack support in the record, and are presented without reference to legal authority. *Commonwealth v. Stilley*, 455 Pa.Super. 543, 689 A.2d 242, 246 n. 2 (1997). Nevertheless, purely for Vega's benefit, we note that pursuant to Pa.R.Crim.P. 1504, the PCRA court is required to provide counsel to indigent petitioners only on the *first* PCRA petition. The certified record shows that counsel was appointed to represent Vega on the occasion of his first PCRA petition. The current petition is Vega's *second* request under the PCRA, and he is not eligible for court appointed counsel at this time. *See Commonwealth v. Priovolos*, 746 A.2d 621, 624 (Pa.Super.2000). (although a first-time PCRA petitioner is entitled to appointment of counsel, there is no such entitlement on second and subsequent petitions).

¶ 14 Accordingly, having found that the PCRA court properly dismissed this petition as untimely, we affirm the order below.

¶ 15 Order affirmed.