J-S69010-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAFFET MARTINEZ | |
| Appellant | No. 2522 EDA 2013 |

Appeal from the PCRA Order July 23, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008323-2010;
MC-51-CR-0019074-2010

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and STABILE, J.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED NOVEMBER 24, 2014**

Appellant, Jaffet Martinez, appeals from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his first petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On February 7, 2011, Appellant entered a negotiated guilty plea to aggravated assault by vehicle while driving under the influence, driving under the influence, and recklessly endangering another person.  The court sentenced Appellant on March 14, 2011, to an aggregate term of forty-eight (48) hours to six (6) months' imprisonment, plus three and one-half (3½) years' probation.  Appellant did not seek direct review.  Appellant filed a counseled PCRA petition on August 24, 2012, and filed an amended PCRA petition later that day.  On May 14, 2013, the court issued Pa.R.Crim.P. 907

notice; Appellant did not respond. The court dismissed Appellant's PCRA petition as untimely on July 23, 2013. Appellant timely filed a notice of appeal on August 18, 2013. On August 21, 2013, the court ordered Appellant to file a Rule 1925(b) statement, and Appellant complied.

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Turner*, 73 A.3d 1283 (Pa.Super. 2013). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the PCRA's timeliness provisions allow for very limited circumstances under which the late filing of a petition will be excused; and a petitioner asserting a timeliness exception must file a petition within 60 days of the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(1), (b)(2). The 60-day rule is strictly enforced. *Commonwealth v. Vega*, 754 A.2d 714 (Pa.Super. 2000). Instantly, Appellant's judgment of sentence became final on April 13, 2011, upon expiration of the time to file a notice of appeal with this Court. *See* Pa.R.A.P. 903(a). Appellant filed the current petition on August 24, 2012, more than one year after his judgment of sentence became final, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant now attempts to invoke the "new constitutional right" exception to the PCRA's time restrictions under Section 9545(b)(1)(iii), claiming *Padilla*

*v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010) set forth a new constitutional right, held to apply retroactively.[1]  Nevertheless, the Supreme Court announced **Padilla** on March 31, 2010.  Consequently, Appellant cannot demonstrate that **Padilla** set forth a "new" constitutional right recognized by the Supreme Court after the time period provided in Section 9545; and similarly cannot establish compliance with the statutory 60-day rule.  **See** 42 Pa.C.S.A. § 9545(b)(1)(iii), (b)(2).  Moreover, in **Chaidez v. U.S.**, ___ U.S. ___, 133 S.Ct. 1103, 185 L.Ed.2d 149 (2013), the Supreme Court expressly held that **Padilla** does not apply retroactively to collateral review cases.  Thus, the court properly dismissed Appellant's petition.[2]

Order affirmed.

---

[1] In **Padilla**, the Supreme Court held that counsel has an affirmative duty to inform a defendant of the deportation consequences of his guilty plea.  **Id.**

[2] Appellant also attempts to establish the "new facts" exception, claiming Appellant did not know he could be deported until immigration initiated removal proceedings.  The record belies Appellant's claim, as the written guilty plea colloquy explained the risk of deportation.  Further, Appellant could have discovered the risk of deportation sooner with the exercise of due diligence.  **See** 42 Pa.C.S.A. § 9545(b)(1)(ii).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/24/2014