J-S10027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROGER BIEROS | |
| Appellant | No. 1572 EDA 2014 |

Appeal from the PCRA Order entered April 24, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0706111-2000

BEFORE:  GANTMAN, P.J., STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                **FILED APRIL 17, 2015**

Appellant, Roger Bieros, appeals from the April 24, 2014 order of the Court of Common Pleas of Philadelphia County denying relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The PCRA court adequately summarized the factual and procedural background of this case.  Briefly, in 1999, Appellant was charged with attempted murder, aggravated assault, and possession of an instrument of crime.  Throughout the pre-trial motion proceedings and trial, Appellant represented himself.  On July 24, 2001, a jury convicted Appellant of all charges.  On January 29, 2002, Appellant was sentenced to an aggregate

_____

[*] Retired Senior Judge assigned to the Superior Court.

sentence of 12½ to 25 years of incarceration. Appellant did not appeal the sentence.

On February 6, 2003, Appellant filed first PCRA petition, which the PCRA court granted on October 7, 2004, reinstating his direct appeal rights. After filing his direct appeal, Appellant petitioned for withdrawal of appointed counsel. After remand for a ***Grazier***[1] hearing, counsel was permitted to withdraw and Appellant was allowed to proceed *pro se*. This Court affirmed the judgment of sentence on April 7, 2008, and denied his request for reconsideration, on May 19, 2008. Appellant did not petition the Supreme Court for allowance of appeal.

On October 6, 2011, Appellant filed the instant *pro se* petition. Counsel was appointed on February 28, 2012. On April 11, 2014, Appellant filed a motion to proceed *pro se*. The PCRA court dismissed the petition as untimely, without holding a hearing, on April 24, 2014. This appeal followed.

On appeal, Appellant argues the PCRA court erroneously dismissed his petition without holding a hearing. Specifically, Appellant argues the PCRA court erred in "reject[ing] [his] petition based solely on the statute of limitations." Appellant's Brief at 10. According to Appellant, the PCRA court should have held "an evidentiary hearing to determine the material issues of

---

[1] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

fact that the Appellant raised relating to the effects of his medication on him and on [sic] his case." *Id.*

There is no dispute the instant petition is facially untimely. The only question is whether Appellant alleged and established the newly discovered facts exception (*i.e.*, effects of medication on Appellant).[2] Upon consideration of the record, the briefs, and the applicable law, we conclude the PCRA court properly dismissed the instant petition as untimely. Specifically, we agree with the PCRA court's analysis and conclusion that Appellant failed to establish that the side effect of the medication was previously unknown to him and that it could not have been discovered by

_____

[2] As we stated in **Commonwealth v. Monaco**, 996 A.2d 1076, 1080 (Pa. Super. 2010):

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. **Commonwealth v. Bennett**, 593 Pa. 382, 395, 930 A.2d 1264, 1271 (2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. **Commonwealth v. Carr**, 768 A.2d 1164, 1168 (Pa. Super. 2001). A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence. **Commonwealth v. Breakiron**, 566 Pa. 323, 330-31, 781 A.2d 94, 98 (2001); **Commonwealth v. Yarris**, 557 Pa. 12, 29, 731 A.2d 581, 590 (1999). This rule is strictly enforced. **See** [**Commonwealth v.**] **Vega**, [754 A.2d 714,] 718 [(Pa. Super. 2000)].

*Id.* at 1080

the exercise of due diligence. The instant petition is, therefore, untimely, as Appellant fails to establish that the newly discovered facts exception applies in this matter.

Additionally, the PCRA court did not err in dismissing the petition without a hearing. **See Commonwealth v. Marshall**, 947 A.2d 714, 723 (Pa. 2008). ("As explained *supra*, we have concluded that [a]ppellant's petition was untimely, and accordingly the PCRA court properly determined that it had no jurisdiction to entertain it. We therefore also must conclude that the PCRA court did not err in dismissing [a]ppellant's petition without a hearing.")*.*

Because we dispose of this appeal on the basis of the PCRA court's Rule 1925(a) opinion authored by the Honorable Genece E. Brinkley, we direct that a copy of the PCRA court's August 1, 2014 Rule 1925(a) opinion be attached to any future filings in this case.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/17/2015

- 4 -

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH             :          CP-51-CR-0706111-2000

vs.              :

**FILED**

ROGER BIEROS      :  AUG 0 1 2014     SUPERIOR COURT
                    Criminal Appeals Unit    1572 EDA 2014

CP-51-CR-0706111-2000 Comm. v. Bieros, Roger
Opinion

irst Judicial District of PA



7181045101

OPINION

BRINKLEY, J.                              AUGUST 1 , 2014

Defendant Roger Bieros filed his second petition for relief pursuant to the Post Conviction Relief Act (PCRA), 41 Pa. C.S. § 9541 *et seq.*, stemming from a 2002 conviction for attempted murder, aggravated assault, and possession of an instrument of crime. This Court denied Defendant's petition for relief, finding it to be untimely, and this appeal followed. The sole issue in this case is whether this Court properly dismissed Defendant's petition as untimely.

## FACTUAL AND PROCEDURAL HISTORY

On November 7, 1999, Defendant was arrested after he slashed another man in the face and neck with an unknown weapon. Defendant was charged with attempted murder, aggravated assault, and possession of an instrument of crime.

Defendant expressed interest in self-representation from the onset of this case. At his preliminary hearing on July 5, 2000 before the Honorable Marsha Neifeld, Defendant made known his desire to waive counsel and proceed *pro se*, but elected to proceed at the hearing with representation by the Defender Association of Philadelphia. Shortly after his arraignment,

Defendant reiterated his intent to proceed *pro se*. On or about September 7, 2000, the Honorable James Lineberger granted Defendant's Waiver of Representation and appointed Douglas Dolfman, Esq., as standby counsel.

During pre-trial motions on June 13, 2001, Defendant, representing himself, repeatedly referred to the fact that he had been colloquied by Judge Lineberger, reiterated his steadfast desire to proceed *pro se* and frustration that his *pro se* petition was not approved sooner. Defendant cited his steadfast refusal of appointed counsel, his continued communication to the courts, and his articulate reasoning as favorable factors for his *pro se* petition to have been granted. (N.T. 6/13/01, p. 3, 17).

Defendant's trial lasted from July 18 to July 24, 2001. Throughout the trial, Defendant consistently represented himself. Standby counsel conducted direct examination when the *pro se* Defendant took the stand. Otherwise, Defendant represented himself for the duration of the trial.

On July 24, 2001, a jury convicted Defendant of attempted murder, aggravated assault and possession of an instrument of crime. On January 29, 2002, Defendant was sentenced to a term of 10 to 20 years' imprisonment for attempted murder and the lesser included offense of aggravated assault, and to a term of two and a half to five years for PIC to run consecutive for an aggregate sentence of $12\frac{1}{2}$ to 25 years in state prison.

On February 6, 2003, Defendant filed his first petition for post-conviction relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa. C.S. §§ 42 Pa. 9541-46, which was granted, reinstating his direct appeal rights.

2

After Defendant filed his notice of appeal to the Superior Court, Defendant again petitioned for withdrawal of appointed counsel. On October 28, 2005, the Superior Court required an on-the-record determination that Defendant's request to proceed *pro se* was knowing intelligent, and voluntary pursuant to Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998). The case was remanded to the trial court, which conducted a Grazier hearing to determine whether Defendant's *pro se* request was appropriate. Id. The Superior Court allowed counsel to withdraw and Defendant to proceed *pro se* in reliance on the Grazier hearing conducted by trial court. On April 7, 2008, the Superior Court affirmed the judgment of sentence (CP-51-CR-0706111-2000). Then, on May 19, 2008, the Superior Court denied Dependant's request for reconsideration, thereby concluding Defendant's direct appeal. No Petition for allowance of Appeal was filed to the Supreme Court.

On October 6, 2011, Defendant filed a *pro se* PCRA petition. J. Matthew Wolfe was subsequently appointed as counsel and filed an amended petition and memorandum of law on January 18, 2013. On April 10, 2013, the Commonwealth filed a Motion to Dismiss. Defendant subsequently filed a motion to proceed *pro se* on this very PCRA petition on April 14, 2014. The PCRA petition filed by Wolfe was dismissed on April 24, 2014 as untimely and without merit. This appeal followed on May 19, 2014.

3

## ISSUE

I.   **WHETHER THE PCRA COURT PROPERLY DISMISSED DEFENDANT'S SECOND PCRA PETITION AS UNTIMELY.**

### DISCUSSION

I.   **THE PCRA COURT PROPERLY DISMISSED DEFENDANT'S SECOND PCRA PETITION AS UNTIMELY BECAUSE HE FAILED TO PROVE AN EXCEPTION TO THE TIME BAR.**

Appellant's second PCRA petition was properly dismissed as untimely. When an appellate court is reviewing the denial of PCRA relief, the standard of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. Commonwealth v. Breakiron, 566 Pa. 323, 781 A.2d 94, 97 n. 4 (2001). In Pennsylvania, all petitions under the PCRA must be filed within one year of the date the judgment becomes final, unless the petition alleges, and petitioner proves, an exception to the one-year time period. Commonwealth v. Hawkins, 953 A.2d 1248, 1251, 2008 Pa. LEXIS 1292 (2008) (citing 42 Pa.C.S. § 9545(b)). The time limitation exceptions apply where the petition alleges and proves:

(i)   the failure to raise this claim previously was the result of interference by government officials with presentation of the claim in violation of the Constitution of laws of this Commonwealth or the Constitution or laws of the United States;

(ii)  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). The PCRA's timeliness requirements are jurisdictional in nature. Courts may not address the merits of the issues raised in a petition if it is not timely filed. Commonwealth v. Abu-Jamal, 941 a.2d 1263, 1267-68 Pa. LEXIS 98 (2008) (citing

4

Commonwealth v. Beasley, 559 Pa. 604, 741 A.2d 1258, 1261 (1999)). It is the petitioner's burden to allege and prove that one of the timeliness exceptions applies. Id.

A defendant may waive his Sixth Amendment right to counsel so long as the waiver is voluntary, knowing, and intelligent. Commonwealth v. Kunkle, 79 A.3d 1173, 1181 (Pa. Super. Ct. 2013). Furthermore, determination whether any defendant has knowingly and voluntarily waived his right to counsel depends on the totality of the circumstances in that particular case. Id. at 1182. The constitutional right of counsel has been appropriately waived if the totality of the circumstances reveals both an uncoerced choice and the requisite level of comprehension. Id. at 1182.

In the instant case, Defendant's second petition is untimely because it was filed more than one year after the judgment became final. A judgment becomes final at the conclusion of direct review or at the expiration of time for seeking the review. 42 Pa.C.S. § 9545(b)(3). Here, the Superior Court denied Defendant's petition for reconsideration on May 19, 2008. Therefore, Defendant's judgment of sentence became final on June 18, 2008, when the time to seek *allocatur* in the Pennsylvania Supreme Court expired. Defendant did not file the instant petition for more than three years after his judgment of sentence became final. Therefore, the Defendant bears the burden to allege and establish one of the exceptions to the time bar, which he has not done.

Defendant claims his petition satisfies the exception connoted in 42 Pa.C.S. § 9545(b)(1)(ii). This exception provides that newly discovered facts must have been (1) previously unknown to the petitioner and (2) could not have been ascertained by the exercise of due diligence. Defendant claims protection under this exception on the basis that he did not

5

know the harmful side-effects of the drugs he was taking during trial and on appeal. The Defendant alleged that the various side-effects from his mental health medication made it impossible for him to make practical and rational decisions and inhibited his ability to knowingly and voluntarily waive his Sixth Amendment right to counsel.

In the case at bar, however, Defendant repeatedly expressed the intention to proceed *pro se*. Between May 15, 2000 and May 23, 2001, Defendant filed several *pro se* petitions. (N.T. 6/13/01, p. 24). At the July 5, 2000 preliminary hearing, he insisted on representing himself *pro se* before Judge Neifeld. During pre-trial motions on June 13, 2001, Defendant, representing himself, reiterated his steadfast desire to proceed *pro se* and frustration that his *pro se* petition was not approved sooner. Defendant cited his steadfast desire to represent himself, his refusal of assistance from appointed counsel, his continued communication to the courts, and his articulate reasoning as favorable factors for his *pro se* petition to have been approved. Id. On or about September 7, 2000, Judge Lineberger ultimately approved Defendant's waiver of representation and Defendant zealously argued several motions on his own behalf, with standby counsel Douglas Dolfman, Esq. by his side. Id. at 17. Throughout a trial that spanned seven days, Defendant made articulate arguments of law and fact. Moreover, he never demonstrated any behavior that would indicate that he was making irrational, restless, or unpredictable decisions that would align with Defense Counsel's arguments in the instant PCRA petition. In fact, on April 14, 2014, Defendant filed a request to relieve J. Matthew Wolfe of his duties and proceed *pro se* on this very matter. It would appear that despite the Defendant's alleged "after discovered" knowledge regarding his medication's side-effects, he still desires to represent himself. This desire to proceed *pro se* exists to this day, making this claim of "after discovered" medical side effects all the more incredible.

6

The totality of these circumstances demonstrate both an uncoerced choice to waive counsel and the requisite level of comprehension. Defendant's well-documented and consistent desire to represent himself *pro se* bolsters the finding of the court at Defendant's Grazier hearing that his waiver of counsel was knowing, voluntary, and intelligent.

Furthermore, Defendant must also show that these side-effects could not have been ascertained through due diligence. Defendant's argument alleging the newly discovered facts exception fails because he did not exercise due diligence in determining the alleged side-effects of his medication. Defendant reasoned that he was previously unaware of these side-effects because he "is not a doctor." However, Defendant could have easily ascertained the side-effects of his medication through any number of reasonable exercises of due diligence. Defendant could have read the packaging label or information provided with the medication, or asked his doctor or pharmacist. Additionally, Defendant had stand-by counsel appointed to assist him during his trial, despite his claimed use of psychotropic drugs, which allegedly induced him to seek waiver of counsel. Incredibly, he claimed that while he had counsel sitting next to him, he completed a supposedly drug-induced waiver of counsel. To the contrary, at Defendant's insistence, his waiver of counsel was accepted by the court.

The bottom line is that Defendant did not file his PCRA claim within one year of the date the judgment was final and failed to establish that the claim qualified under any of the time bar exceptions. Therefore, the Court properly dismissed Defendant's second PCRA petition, finding it to be untimely. This decision should be upheld on appeal.

## CONCLUSION

After a review of the applicable statuses, case law, and testimony, this Court committed no error. Defendant's second PCRA petition was properly dismissed as untimely. Therefore, this decision should be upheld on appeal.

BY THE COURT:

J.