J. S55036/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DEREK A. MABINE, | : | No. 1009 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, February 28, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-1121271-1990

BEFORE:  OLSON, J., STABILE, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED OCTOBER 23, 2018**

Derek A. Mabine appeals ***pro se*** from the February 28, 2018 order dismissing his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  After careful review, we affirm.

A prior panel of this court summarized the relevant facts and procedural history of this case as follows:

> On April 16, 1991, a jury convicted [appellant] of first-degree murder and possession of an instrument of crime[1] [in connection with the May 3, 1990 shooting death of Wayne Hill].  On September 25, 1991, [appellant] was sentenced to an aggregate term of life imprisonment.  This Court affirmed the judgment of sentence on July 6, 1992. ***Commonwealth v. Mabine***, 616 A.2d 716 (Pa.Super. 1992) (unpublished memorandum).

---

[1] 18 Pa.C.S.A. §§ 2502 and 907, respectively.

> [Appellant] did not seek **allocatur** with the Pennsylvania Supreme Court.
>
> [Appellant] filed his first [PCRA] petition on January 16, 1997. Counsel was appointed to represent [appellant], and an amended petition was filed on his behalf. The Commonwealth filed a motion to dismiss, and the PCRA court dismissed the petition on May 20, 1998. This Court affirmed the decision on July 21, 1999, and the Pennsylvania Supreme Court denied allowance of appeal on January 13, 2000. **Commonwealth v. Mabine**, 742 A.2d 1147 (Pa.Super. 1999), **appeal denied**, [] 749 A.2d 468 ([Pa. ]2000).

**Commonwealth v. Mabine**, 813 A.2d 905 (Pa.Super. 2002) (unpublished memorandum at 1-2).

Appellant filed his second PCRA petition **pro se** on November 20, 2000, which was dismissed by the PCRA court on June 5, 2001. On September 4, 2002, a panel of this court affirmed the PCRA court's order, and appellant did not file a petition for allowance of appeal with our supreme court. **See id.** Appellant filed the instant **pro se** PCRA petition, his third, on August 22, 2012. Thereafter, on February 2, 2018, the PCRA court provided appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907(1).[2] Appellant did not file a response to the PCRA court's Rule 907 notice. On February 28, 2018, the PCRA court filed an order and opinion dismissing appellant's petition as untimely. This

---

[2] It is unclear from the docket as to why no action was taken on appellant's petition for over five years.

timely appeal followed. The PCRA court did not order appellant to file a concise statement of errors complained of on appeal in accordance with Pa.R.A.P. 1925(b).

Appellant raises the following issues for our review:

> A.  Whether the [PCRA] court erred and made a "contrary to" ruling when it declared that the **Miller v. Alabama**[,] 567 U.S. 460 (2012)[,] holding "specifically" limited itself to juveniles under the age of 18 at the time of the offense?

> B.  Whether the [PCRA] court erred when it declared that the petitioner did not invoke nor plead an exception enumerated in [Section] 9545(b)(1)(iii)?

> C.  Whether the [PCRA] court erred in not appointing counsel to frame and file this appeal to the Pa. Superior Court, after [appellant] was indigent and placed into the mental health facility at Mahanoy?

> D.  Whether the mentally-illed [sic] [appellant] "Derek Mabine" should be allowed pursuant to **Commonwealth v. Burton**, [158 A.3d 618 (Pa. 2017),] to rely on the whole case authority of **Cruz v. United States**[,] 2018 WL 1541898 [(D. Conn. 2018)], and. its contents referring to expert testimony by Dr. Laurence Steinberg, whereas the public articles and exhibits by Dr. Steinberg and other studies are not available in the mental health[] facility['s] law library?

Appellant's brief at 4 (full capitalization omitted).[3]

---

[3] For the ease of our discussion, we have elected to address appellant's claims in a different order than presented in his appellate brief.

Preliminarily, we must first consider the timeliness of appellant's PCRA petition because it implicates the jurisdiction of this court and the PCRA court. *Commonwealth v. Davis*, 86 A.3d 883, 887 (Pa.Super. 2014) (citation omitted). It is well settled that all PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). Here, appellant's judgment of sentence became final on August 5, 1992, 30 days after this court affirmed appellant's judgment of sentence and the time-frame for filing a petition for allowance of appeal with our supreme court expired. *See* 42 Pa.C.S.A. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"). Accordingly, in order to be timely, appellant had to file his petition by August 5, 1993. Appellant's instant petition, filed on August 22, 2012, is patently untimely. As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant alleged and proved one of the statutory exceptions to the time-bar, as set forth in Section 9545(b)(1).

To invoke an exception under Section 9545(b)(1), a petitioner must allege and prove:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this

> Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Instantly, the record reveals that appellant failed to prove any of the statutory exceptions to the PCRA time-bar. The crux of appellant's first two claims is that his sentence of life imprisonment is unconstitutional in light of the United States Supreme Court's decisions in *Miller* and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016). (Appellant's brief at 8-9, 12-13.) In *Miller*, the Supreme Court recognized a constitutional right for juveniles, holding that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition against 'cruel and unusual punishments.'" *Miller*, 567 U.S. at 465. In *Montgomery*, the Supreme Court recently held that its rule announced in *Miller* applies retroactively on collateral review. *Montgomery*, 136 S.Ct. at 736.

This court has repeatedly recognized that *Miller* and its progeny do not create a newly recognized constitutional right for petitioners who were

over the age of 18 at the time they committed their crimes. **See Commonwealth v. Furgess**, 149 A.3d 90, 92-93 (Pa.Super. 2016) (holding that an appellant's assertion of the time-bar exception set forth in Section 9545(b)(1)(iii) must be rejected because the constitutional rule rendering the mandatory sentences of life imprisonment without possibility of parole on juveniles unconstitutional applied only to those defendants who were under 18 when offenses were committed).

Here, appellant acknowledges that he was over 18 years of age[4] on the date he shot Wayne Hill, but posits that **Miller** and **Montgomery** are applicable because his "brain definitely was not developed or matured" at the time of this crime. (Appellant's brief at 10-11.) This court has repeatedly rejected similar arguments invoking Section 9545(b)(1)(iii) in this manner. In **Commonwealth v. Montgomery**, 181 A.3d 359 (Pa.Super. 2018), an **en banc** panel of this court recently stated as follows:

> This Court noted that **Miller** only applies to defendants who were "under the age of 18 at the time of their crimes." [**Furgess**, 149 A.3d] at 94, **quoting Miller**, 567 U.S. at 465[.] Moreover, as this Court noted in **Furgess**, Appellant's argument attempts to extend **Miller** to those adults whose brains were not fully developed at the time of their offense. **See Furgess**, 149 A.3d at 94. This argument fails, however, because "a contention that

---

[4] Appellant avers in his **pro se** PCRA petition that he was 24 years old at the time of the crime, but states in his appellate brief that he was only 19 years old. (**See** PCRA petition, 8/22/12 at 1; appellant's brief at 10.) The certified record, however, indicates that appellant was born in November 1969, which would make him 20 years old at the time of the crime. (**See** criminal complaint/arrest report, 5/7/90.)

> a newly-recognized constitutional right should be extended to others does not [satisfy the new constitutional rule exception to the PCRA's timeliness requirement.]" ***Id.*** at 95 (internal alteration omitted; emphasis removed)[.]
>
> Instead, the PCRA requires that the Supreme Court of the United States or our Supreme Court extend the new right to a class of individuals, and make the extension retroactive, in order to satisfy the new constitutional right timeliness exception. 42 Pa.C.S.A. § 9545(b)(1)(iii). ***Montgomery*** merely made ***Miller*** retroactive for juvenile offenders whose judgments of sentence had already become final. It did not extend ***Miller***'s holding to those individuals who committed homicides after they reached the age of 18. ***Furgess***, 149 A.3d at 95.

***Montgomery***, 181 A.3d at 366 (some citations omitted; bracketed text in original.) Based on the forgoing, ***Miller*** and ***Montgomery*** are inapplicable.

Appellant also argues that his sentence of life imprisonment is unconstitutional in light of ***Cruz v. United States***, 2018 WL 1541898 (D.Conn. 2018), wherein the United States District Court for the District of Connecticut held in a ***habeas*** proceeding that the protections of ***Miller*** apply to offenders aged 18 at the time of their offense. ***Cruz***, 2018 WL 1541898, at *25. (***See*** appellant's brief at 14-16.) In ***Cruz***, the defendant was 18 years and 20 weeks old at the time of his crime. ***Cruz***, 2018 WL 1541898, at *1. We find appellant's reliance on this case, which was decided by a federal trial court, unavailing. Although this court recently certified for ***en banc*** review a case involving the application of ***Miller*** to a defendant who was 18 years and 9 months old at the time of his crime,

there is presently no controlling authority in this Commonwealth that has extended the protections of **Miller** to defendants who are 18 years of age or older. **See Commonwealth v. Lee**, No. 1891 WDA 2016, 2017 WL 6629309 (Pa.Super. 2017) (non-precedential opinion withdrawn per court order dated March 9, 2018).

Lastly, appellant argues that the PCRA court erred in failing to appoint counsel to assist him in appealing the PCRA's court order denying the instant PCRA petition, his third. (Appellant's brief at 13-14.) We disagree. Our review of the certified record reveals that counsel was appointed to represent appellant during the pendency of his first PCRA petition. There is no automatic right to appointed counsel on second or subsequent PCRA petitions. **See Commonwealth v. Vega**, 754 A.2d 714, 719 (Pa.Super. 2000) (stating, "although a first-time PCRA petitioner is entitled to appointment of counsel, there is no such entitlement on second and subsequent petitions[.]"(citation omitted)). Accordingly, appellant is not entitled to relief on this claim.

Based on the foregoing, we discern no error on the part of the PCRA court in dismissing appellant's third PCRA petition as untimely.

Order affirmed.

J. S55036/18

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/23/18