J-S40022-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| PHILLIP PULLEY | : | |
| | : | |
| Appellant | : | No. 2114 EDA 2018 |

Appeal from the PCRA Order Entered May 30, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1206001-1986

BEFORE: SHOGAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.: **FILED OCTOBER 15, 2020**

Appellant, Phillip Pulley, appeals from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his serial petition filed under the Post Conviction Relief Act ("PCRA").[1] We affirm.

The relevant facts and procedural history of this case are as follows. In 1988, a jury convicted Appellant of first-degree murder (two counts), rape, terroristic threats, and recklessly endangering another person. The court sentenced Appellant on December 1, 1988, to an aggregate term of life imprisonment. This Court affirmed the judgment of sentence on September 29, 1993, and our Supreme Court denied allowance of appeal on August 9,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

1994.  *See Commonwealth v. Pulley*, 636 A.2d 1215 (Pa.Super. 1993) (unpublished memorandum), *appeal denied*, 538 Pa. 644, 647 A.2d 899 (1994).

Appellant filed his first PCRA petition on January 16, 1997, alleging, *inter alia*, the Commonwealth had committed a *Brady*[2] violation by failing to disclose the complete criminal history of one of the Commonwealth's principal witnesses, who was a victim in the case.  Appellant claimed he should have been able to use the full criminal history to impeach her credibility and/or demonstrate bias.  The PCRA court denied relief, and this Court initially affirmed on July 26, 1999.  Following the grant of panel reconsideration, this Court once against affirmed the order denying PCRA relief on December 7, 1999.  Our Supreme Court denied allowance of appeal on May 9, 2000.  *See Commonwealth v. Pulley*, 750 A.2d 374 (Pa.Super. 1999) (unpublished memorandum), *appeal denied*, 563 Pa. 628, 758 A.2d 661 (2000).

On February 6, 2009, Appellant filed a petition for writ of *habeas corpus ad subjiciendum*, which the court denied without prejudice to allow Appellant to file a PCRA petition.  On appeal, this Court decided the petition for writ of *habeas corpus* was an untimely PCRA petition with no exception pled, so this Court affirmed the order denying relief but vacated the portion of the order permitting Appellant to file a PCRA petition without prejudice.  In its decision,

_____

[2] *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

this Court stated that the "specific issue underlying Appellant's request for relief in his writ of *habeas corpus* is his claim that the Commonwealth misrepresented the criminal record of a Commonwealth witness that would have been relevant for impeachment purposes. …[T]his claim is, in fact, a reincarnation of the **Brady** claim he raised in his first PCRA petition." **Commonwealth v. Pulley**, No. 3281 EDA 2010, at 5-6 (Pa.Super. March 5, 2012) (unpublished memorandum) (internal footnotes omitted).

On August 15, 2012, Appellant filed another PCRA petition, *pro se*. In this petition, Appellant raised only one issue seeking relief under **Miller v. Alabama**, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) (holding Eighth Amendment of U.S. Constitution prohibits mandatory sentence of life imprisonment without possibility of parole for those who were under 18 years old when they committed their crimes). Although Appellant admitted he was 31 years old at the time of his crimes, Appellant claimed he should be entitled to relief under **Miller**. The court took no action on this petition.

On February 20, 2013, Appellant filed a *pro se* request to resume PCRA litigation. Appellant indicated that he had a "newly-discovered fact" he wanted to raise, but Appellant did not elaborate on that claim. Still, the court took no action on Appellant's petition.[3]

---

[3] The record does not indicate any activity regarding Appellant's 2012 PCRA petition or his 2013 motion to resume litigation on the petition. **See Commonwealth v. Renchenski**, 616 Pa. 608, 623, 52 A.3d 251, 260 (2012)

Counsel entered his appearance on Appellant's behalf on October 1, 2016, and filed an "amended" PCRA petition on July 2, 2017. In the amended petition, Appellant asserted a "newly-discovered fact" to the PCRA's time-bar, based on Appellant's discovery that a significant portion of his certified record was missing. Specifically, Appellant claimed that on August 8, 2011, Appellant learned for the first time that his record was incomplete. Appellant insisted that the judge who ruled on Appellant's first PCRA petition did not have the benefit of a complete certified record, so Appellant called into question the validity of the court's ruling concerning Appellant's **Brady** claim. Appellant said he subsequently filed motions in this Court in an effort to obtain more information about his missing record, but those motions were denied. On October 27, 2011, Appellant said he received a package from a friend, Mr. Wallace, containing Appellant's entire certified record which was woefully deficient. Appellant claimed he filed a *pro se* PCRA petition on December 15, 2011, within 60 days of his discovery of the deficient record, but the petition was never docketed. Appellant filed a supplemental amended PCRA petition on July 15, 2017.

The Commonwealth filed a motion to dismiss on February 9, 2018, claiming, *inter alia*, Appellant was aware of the incomplete record as early as

---

(stating PCRA court has ability and responsibility to manage its docket and caseload and thus has essential role in ensuring timely resolution of PCRA matters).

- 4 -

1999, based on statements in this Court's memorandum decision affirming the denial of Appellant's first PCRA petition. The Commonwealth alleged Appellant failed to exercise due diligence in learning of the alleged newly-discovered fact, so his petition remained time-barred.

Appellant filed a counseled response on March 24, 2018, and another supplemental amended PCRA petition on March 31, 2018. In these petitions, Appellant claimed, *inter alia*, that notwithstanding this Court's remarks in its 1999 memorandum decision, it was not until August 2011 that Appellant knew something was fundamentally wrong with the record.

The Commonwealth filed a second motion to dismiss on April 3, 2018, stating there was no support for Appellant's claim that he filed a PCRA petition on December 15, 2011. Thus, the Commonwealth suggested Appellant also did not satisfy the "60-day rule." On April 12, 2018, the court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907.

Appellant responded on April 17, 2018, attaching a copy of Appellant's purported December 15, 2011 *pro se* filing. Appellant attached two postage slips dated December 16, 2011 and February 16, 2013. On May 29, 2018, the Commonwealth filed a third motion to dismiss, indicating that Appellant's postage receipt showed Appellant mailed his *pro se* document to the Clerk of Quarter Sessions on December 16, 2011, not the post-trial unit. The Commonwealth said the other postage slip mailed to the post-trial unit is dated February 16, 2013, which does not satisfy the 60-day rule.

The court denied PCRA relief on May 30, 2018. On June 24, 2018, Appellant timely filed a notice of appeal. The court ordered Appellant, on June 26, 2018, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b). Appellant timely complied on July 9, 2018.

Appellant raises three issues for our review:

> Did the PCRA court err in denying Appellant's PCRA petition without an evidentiary hearing where Appellant raised genuine issues of material fact concerning when he became aware of the loss of his lower court record?
>
> Did the Commonwealth violate **Brady** and its progeny when it failed to turn over the full criminal history of the alias of lead prosecution witness Melissa Murphy, also known as Karen Coleman, which showed she received favorable treatment from the Commonwealth?
>
> Did the PCRA court err in holding that Appellant's **Brady** claim is previously litigated?

(Appellant's Brief at 3).

In his first issue, Appellant argues that the judge who ruled on his first PCRA petition did not have the benefit of a complete certified record when the judge decided Appellant's **Brady** claim. Appellant asserts the PCRA court had reviewed only a "dummy" file that had been reconstructed at some point and did not contain trial transcripts, exhibits, or other relevant pleadings necessary for the court's disposition. Appellant maintains that his underlying **Brady** claim involves the Commonwealth's withholding of the full criminal history of one of its principal witnesses at trial. Appellant insists a complete criminal history of this witness, including the criminal history of her alias, shows the

witness had been arrested for robbery shortly before Appellant's trial. At that time, the witness was in the A.R.D. program, and Appellant insists the robbery charge should have resulted in suspension from that program. Yet, Appellant emphasizes that just before Appellant's trial, the Commonwealth dropped the robbery charge and the witness was able to continue participating in A.R.D. Appellant suggests this establishes that the Commonwealth gave the witness favorable treatment in anticipation of her testimony against Appellant, and Appellant should have been able to impeach her credibility or show bias with this evidence. Appellant stresses that the "newly-discovered fact" here is not the criminal history of this witness, but the fact that the PCRA decided the **Brady** claim based on an incomplete "dummy file" record that did not contain all trial transcripts or exhibits.[4] Appellant concludes he satisfies a time-bar exception, and this Court should vacate the order denying PCRA relief. We disagree.

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 575 Pa. 500, 837

---

[4] Appellant seems to acknowledge that the relevant criminal history was available at the time he litigated his first PCRA petition raising the **Brady** claim.

- 7 -

A.2d 1157 (2003). The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

Generally, to obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Significantly, at the time Appellant alleges he learned of his "newly-discovered fact," he was required to file his petition

within 60 days of the date the claim could have first been presented.[5] ***See***

42 Pa.C.S.A. § 9545(b)(2).  The "60-day rule" is "of jurisdictional significance

and will be strictly enforced."  ***Commonwealth v. Vega***, 754 A.2d 714, 718

(Pa.Super. 2000).  Thus, "when a PCRA petition is not filed within one year of

the expiration of direct review, or not eligible for one of the three limited

exceptions, or entitled to one of the exceptions, but not filed within 60 days

of the date that the claim could have first been brought, the [PCRA] court has

no power to address the substantive merits of a petitioner's PCRA claims."

***Commonwealth v. Gamboa-Taylor***, 562 Pa. 70, 77, 753 A.2d 780, 783

(2000).

Further, to meet the "newly-discovered facts" timeliness exception set

forth in Section 9545(b)(1)(ii), a petitioner must demonstrate "he did not

know the facts upon which he based his petition and could not have learned

those facts earlier by the exercise of due diligence."  ***Commonwealth v.***

***Brown***, 111 A.3d 171, 176 (Pa.Super. 2015).  "The focus of the exception is

on [the] newly discovered facts, not on a newly discovered or newly willing

source for previously known facts."  ***Commonwealth v. Burton***, 638 Pa. 687,

---

[5] As of December 24, 2018, Section 9545(b)(2) changed the 60-day rule and now allows **one year** from the date the claim first could have been presented. ***See*** Act 2018, Oct. 24, P.L. 894, No. 146 § 2, effective in 60 days [Dec. 24, 2018] for claims arising on or after December 24, 2017.  This amendment does not apply to Appellant's case, as Appellant claims he discovered the incomplete record in August 2011.

704, 158 A.3d 618, 629 (2017) (internal citation and quotation marks omitted).[6]

Instantly, Appellant's judgment of sentence became final in November 1994, upon expiration of the time to file a petition for writ of *certiorari* in the U.S. Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13 (allowing 90 days to file petition for writ of *certiorari* with United States Supreme Court). Thus, Appellant's current PCRA petition is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1).

Appellant now attempts to invoke the "newly-discovered facts" exception to the PCRA time-bar, claiming he did not discover until August 2011 that his certified record was incomplete and that the judge who ruled on his

_____

[6] The substantive claim of after-discovered evidence and the newly-discovered facts exception to the PCRA timeliness requirements are often conflated and referred to as the same theory of relief. These concepts, however, are not interchangeable and require different proofs. Under the newly-discovered facts exception to an untimely PCRA petition, a petitioner must establish "the **facts** upon which the claim was predicated were **unknown** and…could not have been ascertained by the exercise of **due diligence**. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection." *Commonwealth v. Bennett*, 593 Pa. 382, 395, 930 A.2d 1264, 1272 (2007) (emphasis in original). Only if a petitioner meets the statutory jurisdictional requirements by satisfying this exception to the PCRA time-bar, can he then argue for relief on a substantive after-discovered-evidence claim, which requires the petitioner to demonstrate: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict. *See, e.g., Commonwealth v. Washington*, 592 Pa. 698, 927 A.2d 586 (2007); *Commonwealth v. D'Amato*, 579 Pa. 490, 856 A.2d 806 (2004).

- 10 -

first PCRA petition did so based on an inadequate record. Nevertheless, even if we could accept Appellant's proffered December 15, 2011 PCRA petition (which was never docketed), Appellant has still failed to meet the 60-day rule. Appellant suggests the 60-day clock should run from October 27, 2011, the date Appellant claims he received a package of his entire certified record from his friend, Mr. Wallace. But, Appellant admits he first learned of the deficiencies in the record in August 2011. Appellant does not explain why he could not have filed the current PCRA petition within 60 days of his August 2011 discovery. **See** 42 Pa.C.S.A. § 9545(b)(2); **Vega, supra**.

Further, Appellant cannot demonstrate any new facts that were unknown **and** could not have been ascertained through the exercise of due diligence. Appellant acknowledges in his PCRA petitions that this Court's 1999 memorandum decision referenced the incomplete record. Although Appellant claims he did not understand which records were missing because neither counsel nor the court had explained that to him, due diligence demands that a PCRA petitioner take reasonable steps to protect his own interests. **See Brown, supra** at 176. For these reasons, Appellant has failed to satisfy the asserted time-bar exception and we affirm the order dismissing Appellant's current PCRA petition as untimely.[7]

Order affirmed.

---

[7] Due to our disposition, we do not need to consider Appellant's second and third issues on appeal.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date:*  *10/15/2020*