J-S39028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANK FLUELLEN | |
| Appellant | No. 3063 EDA 2014 |

Appeal from the PCRA Order September 19, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0210662-2001

BEFORE:  BOWES, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED AUGUST 20, 2015**

Frank Fluellen, appeals *pro se* from the order entered September 19, 2014, in the Court of Common Pleas of Philadelphia County, dismissing his fourth petition, filed pursuant to the Post Conviction Relief Act (PCRA), as time-barred.[1]   Fluellen contends that newly discovered evidence permits review of his PCRA petition under 42 Pa.C.S. § 9545(b)(1)(ii), a statutory exception to the PCRA's time limitation.   Based upon the following, we affirm.

The background of this case has been previously discussed by this Court:

> A prior panel of this Court summarized the relevant facts and procedural history of this case as follows.

_____

[1] 42 Pa.C.S. §§ 9541–9546.

[On July 26, 2002, Appellant] was convicted by a jury of second degree murder, two counts of robbery, aggravated assault, kidnapping, criminal conspiracy and possession of an instrument of crime.[1] These convictions stemmed from the [August 22, 1994] robbery of Marie's Variety Store in Philadelphia, and the related shooting of the store manager, Skirvy Powell, and shooting death of the store owner, Asley Espuet. Involved in the robbery were [Appellant], Robert Holloday, James McIntosh, Jermaine Williams, Travis Hall, and several other men.

[That same day, Appellant] was sentenced to life imprisonment for the murder of Espuet, and to lesser sentences for the convictions involving Powell, to run consecutive to each other, but concurrent to the term of life imprisonment for murder.

_____

[1] 18 Pa.C.S. §§ 2502, 3701, 2702, 2901, 903, and 907, respectively.

_____

***Commonwealth v. Fluellen***, 847 A.2d 756 (Pa. Super. 2004) (unpublished memorandum) (***Fluellen I***).

Appellant filed a timely notice of appeal, and on January 30, 2004, a panel of this Court affirmed Appellant's judgment of sentence. ***Id.*** Appellant did not file a petition for *allocatur* with our Supreme Court. Thereafter, on August 20, 2004, Appellant filed a timely *pro se* PCRA petition, his first. The PCRA court subsequently appointed Richard Hoy, Esquire (Attorney Hoy) to represent Appellant. On October 13, 2006, Attorney Hoy filed a ***Turner***/***Finley***[2] letter requesting leave to withdraw and indicating that there were no meritorious issues to be raised on Appellant's behalf.

_____

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

_____

On May 7, 2007, the PCRA court issued notice of its intent to dismiss Appellant's petition, pursuant to Pa.R.Crim.P 907. Thereafter, on June 5, 2007, the PCRA court dismissed Appellant's petition and granted Attorney Hoy permission to withdraw. On October 29, 2007, Appellant filed a second *pro se* PCRA petition, seeking the reinstatement of his appellate rights from the dismissal of his PCRA petition. On October 28, 2008, the PCRA court reinstated Appellant's appeal rights *nunc pro tunc*. Thereafter, on November 25, 2008, the PCRA court sent Appellant a letter advising him that, in order to be timely, his appeal must be filed no later than November 27, 2008. Appellant, however, failed to file an appeal with this Court until December 9, 2008.

Following multiple procedural delays and several changes in representation, the PCRA court inexplicably appointed Dennis Turner, Esquire (Attorney Turner) to represent Appellant on February 1, 2010. On June 1, 2010, Attorney Turner filed a Pa.R.A.P. 1925(b) concise statement on Appellant's behalf. Several supplemental Rule 1925(b) statements and addendums followed, the last of which was filed on December 10, 2010. On September 2, 2011, the PCRA court filed its Rule 1925(a) opinion, concluding that all of Appellant's claims were meritless. Thereafter, on October 5, 2012, a panel of this Court quashed Appellant's appeal as untimely. *See Commonwealth v. Fluellen*, 62 A.3d 450 (Pa. Super. 2012) (unpublished memorandum) (*Fluellen II*).

On November 16, 2012, Appellant filed a third *pro se* PCRA petition. On January 7, 2013, the PCRA court issued notice of its intent to dismiss Appellant's petition, pursuant to Rule 907. Appellant filed a *pro se* response to the PCRA court's Rule 907 notice on January 24, 2013. Thereafter, on March 8, 2013, the PCRA court entered an order dismissing Appellant's third petition as untimely.

*Commonwealth v. Fluellen*, 93 A.3d 497 (Pa. Super. 2013) [1086 EDA 2013] (Pa. Super. 2013) (unpublished memorandum, at 1–4) (footnote 3 omitted). This Court affirmed the denial of relief on Fluellen's third PCRA petition. *Id.*

On May 16, 2014, Fluellen filed the present PCRA petition, his fourth. The PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss, and Fluellen responded to the notice. Thereafter, the PCRA court dismissed the petition as untimely, and this appeal followed.[2]

> In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. The PCRA timeliness requirement, however, is mandatory and jurisdictional in nature.

*Commonwealth v. Taylor*, 67 A.3d 1245, 1248 (Pa. 2013) (quotations and citations omitted), *cert. denied*, 134 S. Ct. 2695 (2014).

Fluellen does not dispute that his present petition is facially untimely.[3] *See* Fluellen's Brief at 9. Rather, Fluellen contends he has satisfied a

---

[2] Fluellen timely complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The issue identified in the Rule 1925(b) statement was whether "the PCRA court erred in dismissing the petition as untimely without a hearing [where Fluellen] plead[ed] and would have been able to prove the existence of newly discovered evidence[.]" Fluellen's PCRA Petition, 11/14/2014, at ¶2(A), *citing* 42 Pa.C.S. 9545(b)(1)(ii).

[3] Generally, any PCRA petition must be filed within one year of the date a petitioner's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). In Fluellen's prior PCRA appeal, this Court explained:

> In the instant matter, [Fluellen] was sentenced to an aggregate term of life imprisonment on July 26, 2002, and this Court affirmed his judgment of sentence on January 30, 2004. Thus, [Fluellen's] judgment of sentence became final on February 29, 2004, when the 30-day period for [Fluellen] to file a petition for *allocatur* with our Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3). Thus, [Fluellen] had until March 1, 2005 to file a timely petition. *Id.* § 9545(b)(1).

*(Footnote Continued Next Page)*

statutory exception to the PCRA's time bar, specifically, 42 Pa.C.S. § 9545(b)(1)(ii). That provision permits review of an otherwise untimely petition where the petitioner pleads and proves "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). Additionally, the PCRA requires that "[a]ny petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). "A petitioner fails to satisfy the 60-day requirement of Section 9545(b) if he or she fails to explain why, with the exercise of due diligence, the claim could not have been filed earlier." *Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001).

Here, Fluellen's PCRA petition alleges that "exculpatory evidence" was unavailable at the time of trial. Fluellen's PCRA Petition, 5/16/2014, at ¶22. Fluellen states that Commonwealth witness Travis Hall[4] testified that "he had never testified in anybody else's case and that Fluellen (Petitioner) was his first case." *Id.* at ¶23. Fluellen states that he learned this testimony was "false" when he became aware of *Commonwealth v. Roney*, 79 A.3d 595

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯

*Commonwealth v. Fluellen*, 93 A.3d 497 (Pa. Super. 2013) (unpublished memorandum, at 7) (citations and footnote omitted).

[4] Travis Hall, a co-conspirator, testified against Fluellen at trial.

(Pa. 2013). *Id.* at ¶26. Fluellen avers that in *Roney*, "Mr. Roney's *Brady*[5] claim focused on the Commonwealth's interaction with Travis Hall's statement to police taken on 9/12/96." *Id.* at ¶24.[6] Fluellen maintains "[t]he inconsistent and possible perj[u]rous testimony of Mr. Hall can now be exposed as either untruthful or mistaken." *Id.* at ¶25. He claims "[t]he perjurous revelation in the *Roney* case is exculpatory evidence" and "the PCRA mandates a new trial for the after-discovered facts contained in the *Roney* case." *Id.* at ¶¶28–29. Fluellen avers that "[b]ecause this witness was crucial to the outcome of the case, the failure to reveal the history of cooperation with the Commonwealth was prejudicial." *Id.* at ¶36.

We glean from Fluellen's inartful allegations that he is arguing Hall's testimony at the preliminary hearing that he had never testified previously is "false" because Hall gave a statement to police in September, 1996, in the *Roney* case and, had Fluellen known about the *Roney* statement at trial, trial counsel could have cross examined Hall regarding his bias in favor of the Commonwealth.

---

[5] *Brady v. Maryland*, 373 U.S. 83 (1963).

[6] We note the Commonwealth's position that Fluellen has offered no proof that the Travis Hall discussed in *Roney* is the same person who testified against Fluellen at trial. Commonwealth's Brief at 10 n.3.

The PCRA court did not reach the merits of Fluellen's petition since the court determined the petition was untimely, and failed to satisfy the requirements of Section 9545(b). Specifically, the PCRA court stated:

> [Fluellen] did allege that his petition was based on facts unknown to him during the timely PCRA appeal period. However, he did not present evidence to prove why the newly discovered facts were unknown to him until May 2014 despite the fact the *Roney* opinion was decided on October 30, 2013.

PCRA Court Opinion, 11/26/2014, at 4–5. The court noted in a footnote that Fluellen informed the court in his November 13, 2014 Pa.R.A.P. 1925(b) statement that the *Roney* decision became available on CD-ROM in the prison's law library on February 19, 2014, and he was able to access that CD-ROM on April 12, 2014. PCRA Court Opinion, *supra*, at 5 n.2. The court, however, pointed out:

> These contentions were not stated in the May 16, 2014 PCRA Petition. Therefore, at the time of this Court's September 19, 2014 Order, the petition was untimely as [Fluellen] failed to prove why the *Roney* case was unavailable to him within 60 days after the case was decided. A "Rule 1925(b) statement of matters complained of on appeal is not a vehicle in which issues not previously asserted may be raised for the first time." Therefore, this Court declines to analyze evidence for the delay outlined in [Fluellen's] 1925(b) statement when it was statutorily required to be included in his fourth PCRA petition.

*Id.* at 5 n.2 (citations omitted). We agree with the PCRA court's analysis. *See Breakiron, supra*, 781 A.2d at 98 (42 Pa.C.S. § 9545(b)(2) 60-day requirement not met where petitioner "failed to set forth any evidence as to when and how he discovered the [information] that the Commonwealth allegedly withheld from him"); *Commonwealth v. Vega*, 754 A.2d 714,

718 (Pa. Super. 2000) (60-day requirement of Section 9545(b)(2) not met when petitioner failed to provide date on which he learned of evidence giving rise to after-discovered evidence claim). Although Fluellen stated in his Pa.R.A.P. 1925(b) statement that the **Roney** decision became available in the prison law library on February 19, 2014, and became available to him on April 12, 2014, Fluellen's Rule 1925(b) statement fails to cure the petition. **See Commonwealth v. Reid**, 99 A.3d 470, 494 (Pa. 2014) ("Appellant never raised this claim in any PCRA petition, and first raised it in a supplemental 1925(b) statement; accordingly, Appellant has waived this argument."); **Commonwealth v. Santiago**, 855 A.2d 682, 691 (Pa. 2004) (claim not raised in PCRA petition cannot be raised for the first time on appeal, and is "indisputably waived").  Therefore, there is no basis upon which to disturb the PCRA court's decision to dismiss Fluellen's fourth petition as untimely.

Accordingly, we affirm.[7]

_____

[7] Because the petition is untimely, no jurisdiction exists to allow review of Fluellen's substantive after-discovered evidence claim. **See Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015) ("Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim.").  We note, however, that the fact Hall gave a statement to police in September, 1996, implicating Christopher Roney in a police officer's murder during the course of a PNC bank robbery, is not inconsistent with Hall's 2001 preliminary hearing testimony that he had not previously testified in any case.  We further note that, at trial, defense counsel extensively questioned Hall to suggest Hall's testimony was false
*(Footnote Continued Next Page)*

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/20/2015

---

and motivated by his desire to obtain reduced sentences in his own cases. *See e.g.*, N.T., 7/22/2002, at 1392–1400.