J-S52042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN PHILIP WOLFE | : | |
| | : | |
| Appellant | : | No. 1236 MDA 2016 |

Appeal from the Judgment of Sentence June 28, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0001009-2015

BEFORE: GANTMAN, P.J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED SEPTEMBER 15, 2017**

Appellant, John Philip Wolfe, appeals from the judgment of sentence entered in the York County Court of Common Pleas, following his bench trial convictions of persons not to possess firearms and hunting without securing a license.[1] We affirm.

The relevant facts and procedural history of this case are as follows. In the late 1990s, Appellant was convicted of involuntary deviate sexual intercourse ("IDSI") and burglary. Due to his convictions, Appellant cannot possess firearms pursuant to 18 Pa.C.S.A. § 6105. On December 2, 2014, Officer Kyle Jury encountered Appellant in a hunting tree stand located within close proximity to two residences. Appellant was in possession of a

---

[1] 18 Pa.C.S.A. § 6105(a)(1) and 34 Pa.C.S.A. § 2711(a)(1), respectively.

firearm at the time. Officer Jury recognized Appellant from an incident in 2013, where Officer Jury had informed Appellant he could not possess firearms due to his prior record. Officer Jury asked Appellant for identification and his hunting license, which Appellant did not have on his person. As a result, Officer Jury confiscated Appellant's firearm, confirmed Appellant's criminal history, and placed Appellant under arrest. A search of Appellant's person at the police station revealed a marijuana pipe and a small amount of marijuana.

On March 2, 2015, the Commonwealth charged Appellant with persons not to possess firearms, possession of a small amount of marijuana, possession of drug paraphernalia, unlawful hunting in a safety zone, and hunting without securing a license. Appellant proceeded to a bench trial on April 8, 2016. At the conclusion of testimony, the court took the matter under advisement pending the parties' briefs on the effect of federal case law on the constitutionality of Section 6105 of the Crimes Code. The court ultimately convicted Appellant on May 13, 2016, of persons not to possess firearms and hunting without securing a license. The court deferred sentencing pending the preparation of a pre-sentence investigation ("PSI") report.

On June 28, 2016, the court sentenced Appellant to an aggregate term of two and one-half (2½) to five (5) years' imprisonment. Appellant timely filed a notice of appeal on July 27, 2016. On September 7, 2016, the court

ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed his Rule 1925(b) statement on October 6, 2016.[2]

Appellant raises the following issues for our review:

> WHETHER THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE CONVICTION OF PERSONS NOT TO POSSESS [FIREARMS]—18 PA.C.S.A. [§] 6105— WHERE…APPELLANT PROVIDED CREDIBLE TESTIMONY THAT HE RECEIVED NOTICE THAT HIS FIREARMS DISQUALIFICATION WOULD EXPIRE?
>
> WHETHER EVIDENCE WAS INSUFFICIENT TO SUPPORT A CONVICTION WHEREIN RECENT FEDERAL [CASE LAW] RECOGNIZED THAT APPELLANT COULD POSSESS A FIREARM?

(Appellant's Brief at 4).

With respect to his first issue on appeal, a challenge to the sufficiency of the evidence implicates the following legal principles:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there

---

[2] To preserve claims for appellate review, an appellant must comply whenever the trial court orders the appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). **Commonwealth v. Castillo**, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005). This Court, however, may address the merits of a criminal appeal where a defendant files an untimely Rule 1925(b) statement, if the trial court had adequate opportunity and chose to prepare an opinion addressing the issues raised on appeal. **Commonwealth v. Burton**, 973 A.2d 428, 434 (Pa.Super. 2008) (*en banc*). Here, Appellant did not timely file his Rule 1925(b) statement. Nevertheless, the trial court received the statement and prepared an opinion addressing the issues raised on appeal. Therefore, we decline to find waiver on this basis. **See id.**

is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting *Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003)).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Michael E. Bortner, we conclude Appellant's first issue on appeal merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed December 9, 2016, at 5-7 (finding: at trial, Appellant stipulated to his prior convictions of IDSI and burglary, which are disqualifying offenses pursuant to Section 6105(b); additionally, Officer Jury testified he found Appellant with firearm on December 2, 2014; while Appellant admitted possession of firearm on that

date, Appellant claims evidence was insufficient to sustain conviction because he believed his period of firearm disqualification had expired; this mistake of law defense does not entitle Appellant to any relief; further, Appellant failed to present any evidence to demonstrate his probation officer misled him about his firearm disqualification; in fact, probation forms Appellant relies on to support claim explicitly explain terms of Appellant's firearm disqualification; moreover, Officer Jury credibly testified to previous encounter with Appellant in 2013, where Officer Jury informed Appellant he could not possess firearms due to his prior convictions of IDSI and burglary; under these circumstances, evidence was sufficient to sustain Appellant's conviction of persons not to possess firearms, and Appellant's challenge to sufficiency of evidence fails).  Therefore, we affirm Appellant's first issue on the basis of the trial court's opinion.

With respect to Appellant's second issue on appeal, Pennsylvania Rule of Appellate Procedure 2119 states in relevant part:

> **Rule 2119.  Argument**
>
> **(a)   General Rule.**  The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a).   Significantly, "[a]n appellate brief must provide a discussion of the issue raised along with citations to pertinent legal authorities."   ***Commonwealth v. Vega***, 754 A.2d 714, 719 (Pa.Super.

2000). "This [C]ourt will not assume the role of advocate for an appellant when the issues in his brief are improperly raised and undeveloped or abandoned, lack support in the record, and are presented without reference to legal authority." *Id.* This Court will consider an issue abandoned where an appellant has identified the claim on appeal, but failed to develop it in his appellate brief. *Commonwealth v. Rodgers*, 605 A.2d 1228, 1239 (Pa.Super. 1992), *appeal denied*, 532 Pa. 655, 615 A.2d 1311 (1992). Abandonment of an issue on appeal results in waiver for purposes of our review. *Id.*

Instantly, Appellant does not offer any pertinent discussion or citation to relevant authority in support of his constitutional challenge to Section 6105 of the Crimes Code. Instead, Appellant concedes the issue has no merit and states the trial court properly disposed of the issue in its Rule 1925(a) opinion. Thus, Appellant has abandoned the issue on appeal, and it is waived for purposes of our review. *See id.*

Nevertheless, even if Appellant had properly preserved this issue, a challenge to the constitutionality of a statute is a pure question of law. *Commonwealth v. Proctor*, 156 A.3d 261, 268 (Pa.Super. 2017). As such, our standard of review is *de novo* and our scope of review is plenary. *Id.* This Court presumes "statutes are constitutional and require[s] those challenging the constitutionality of a statute to demonstrate that it clearly, plainly, and palpably violates the constitution." *Commonwealth v. Felder*,

- 6 -

75 A.3d 513, 516 (Pa.Super. 2013), *appeal denied*, 624 Pa. 671, 85 A.3d 482 (2014).

"When attacking the constitutionality of a statute, an appellant can raise two types of challenges: facial and as-applied." ***Commonwealth v. Thompson***, 106 A.3d 742, 763 (Pa.Super. 2014), *appeal denied*, 635 Pa. 743, 134 A.3d 56 (2016), *cert. denied*, ___ U.S. ___, 137 S.Ct. 106, 196 L.Ed.2d 87 (2016). Significantly,

> A facial attack tests a law's constitutionality based on its text alone and does not consider the facts or circumstances of a particular case. An as-applied attack, in contrast, does not contend that a law is unconstitutional as written but that its application to a particular person under particular circumstances deprived that person of a constitutional right. A criminal defendant may seek to vacate his conviction by demonstrating a law's facial or as-applied unconstitutionality.

***Commonwealth v. Brown***, 26 A.3d 485, 493 (Pa.Super. 2011).

Here, the trial court addressed Appellant's challenge to 18 Pa.C.S.A. § 6105 as follows:

> [Appellant] has provided little, if anything, to support a constitutional challenge to the statute at issue. This is especially true where he has three prior felony convictions, all of which are quite serious. And at least two of [those] convictions, IDSI and burglary, suggest the sort of future dangerousness that warrants barring felons from possessing guns. There is thus nothing to distinguish [Appellant] from other felons so as to make his conviction unconstitutional.
>
> Moreover, even if [Appellant] had established that he was unlikely to commit serious crimes in the future—he did not even attempt to make any such showing—this would do him no good. Although [Appellant] relies on [***U.S. v.***

> ***Barton***, 633 F.3d 168, 174 (3d Cir. 2011)], which found that such a showing could restore a felon's Second Amendment rights, [***Binderup v. Attorney General United States of America***, 836 F.3d 336, 349 (3d Cir. 2016)] overruled ***Barton*** and foreclosed this possibility…. [Appellant's] as-applied constitutional challenge is therefore meritless.
>
> To the extent [Appellant] is asserting a facial challenge— again, he does not say—this fails [because a] facial challenge to a legislative [a]ct is…the most difficult challenge to mount successfully…. [E]ven ***Barton***, cited by [Appellant], rejected a facial challenge to a similar statute [because the] felon dispossession statutes regulate conduct which is unprotected by the Second Amendment….
>
> In light of [applicable] precedent…, [Appellant's] facial challenge is meritless. And again, his as-applied challenge is equally meritless where he has failed to articulate any reason—convincing or otherwise—why he should be allowed to possess guns despite his felony convictions. [Appellant's] second asserted ground for appeal should therefore also be rejected.

(***See*** Trial Court Opinion, filed December 9, 2016, at 9-11) (some citations omitted). We see no error in the court's analysis. Thus, even if Appellant had properly preserved his second issue on appeal, it would warrant no relief. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/15/2017

- 8 -