J-A31013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| FRANK GRAZULIS | : | |
| | : | |
| Appellant | : | No. 577 EDA 2017 |

Appeal from the PCRA Order January 4, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1054051-1990

BEFORE: PANELLA, J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY PANELLA, J. **FILED AUGUST 31, 2018**

Frank Grazulis appeals from the order entered in the Court of Common Pleas of Philadelphia, which denied in part and granted in part his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[1] At issue in this appeal is whether Grazulis established the newly discovered facts exception at 42 Pa.C.S.A. § 9545(b)(1)(ii). He did not. We affirm.

When he was sixteen years old, Grazulis and some other youths accosted a smaller group of teens. Grazulis stabbed one boy to death and seriously wounded two others. He later pled guilty to first degree murder,

---

* Former Justice specially assigned to the Superior Court.

[1] The PCRA court granted Grazulis's request for resentencing pursuant to **Miller v. Alabama**, 567 U.S. 460 (2012), and **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), but that decision is not before us.

conspiracy, and aggravated assault. For over three decades now, Grazulis has been serving a life sentence for the murder conviction. Periodically, he has filed PCRA petitions trying to collaterally attack his convictions. Each has failed.

In his latest petition, Grazulis, through counsel, alleged that he discovered "exculpatory evidence" that "was not ascertainable previously despite the exercise of due diligence." PCRA Petition, filed 3/12/12, at 2 ¶7 (unpaginated). The petition explained that Grazulis's counsel received a letter, dated January 15, 2012, from Michael Golden, a fellow inmate of Grazulis's at SCI Mahanoy. In the letter, Golden "claims to have been present the night of the occurrence and states that he saw two other people, not … [Grazulis], stab the decedent." *Id*., at ¶8. The letter is attached to the petition as Exhibit "A." Grazulis later filed, on August 14, 2014, an affidavit from Golden that contains substantially the same information as that in the letter.

The PCRA court subsequently issued notice of its intention to dismiss the petition pursuant to Pa.R.Crim.P. 907, citing the untimely nature of the petition and that it failed to properly plead an exception to the timeliness requirement. Grazulis filed a response, which attached a letter from one of his prior counsel. In that letter, dated November 29, 2011, counsel wrote, in pertinent part, "I met with Mr. Grazulis last month at SCI Mahanoy and he indicated that you may have some information that can help him clear his name." Letter Supplement to Response to the Court's 907 Notice, at Exhibit

"A." The PCRA court later dismissed the petition as untimely to the extent it sought a new trial. This timely appeal follows.

On appeal, Grazulis argues the PCRA court erred in summarily dismissing his petition seeking a new trial. "On appeal from the denial of PCRA relief, our standard of review is whether the findings of the PCRA court are supported by the record and free of legal error." **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007) (citations omitted).

"A PCRA petition, including a second or subsequent one, must be filed within one year of the date the  petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A]. § 9545(b)(1)." **Commonwealth v. Jones**, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). No one disputes the untimeliness of Grazulis's PCRA petition filed on March 12, 2012. The question is whether Grazulis established an exception.

He did not specifically identify an exception in his petition. He merely stated he "recently discovered exculpatory evidence." The exception he implicitly relies on, however, is § 9545(b)(1)(ii), the newly discovered facts exception. That subsection "has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) 'the *facts* upon which the claim was predicated were *unknown*' and 2) 'could not have been ascertained by the exercise of *due diligence.*'" **Commonwealth v. Bennett**, 930 A.2d 1264, 1272 (Pa. 2007) (quoting § 9545(b)(1)(ii); emphasis in original). "If the petitioner alleges and proves these two components, then the

PCRA court has jurisdiction over the claim under this subsection." ***Id***. (citation omitted).

But a petitioner must also meet § 9545(b)(2)'s mandate that "[a]ny petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). And to aid the court in determining whether the exception has been timely invoked the petitioner must include the precise date in his petition of when he learned of the newly discovered facts. ***See*** Thomas M. Place, *The Post Conviction Relief Act*, *Practice & Procedure*, § 6.01[2][b] ( 11 ed. 2016). ***See also Commonwealth v. Vega***, 754 A.2d 714, 718 (Pa. Super. 2000).

Grazulis cannot establish the exercise of due diligence. In his petition he simply *asserts* that "[t]he exculpatory evidence was not ascertainable previously despite the exercise of due diligence." PCRA Petition, filed 3/12/12, at 2 ¶7 (unpaginated). He did not plead what that exercise entailed. For instance, Grazulis failed to plead when he obtained the alleged exculpatory information from Golden, or why he could not have learned of this witness earlier. In short, he failed to offer any explanation as to why this information, with the exercise of due diligence, could not have been obtained earlier.

And he failed to plead when he learned Golden was an exculpatory witness, thus failing to establish that the filing of his March 12, 2012 PCRA petition occurred "within 60 days of the date the claim could have been

presented."[2] *See Vega*, 754 A.2d at 718 (finding sixty day requirement of § 9545(b)(2) not met when defendant failed to provide date on which he learned of evidence giving rise to after-discovered evidence claim).

The PCRA court committed no legal error in summarily dismissing Grazulis's petition.[3]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/18

---

[2] The letter from Grazulis's prior counsel dated November 29, 2011, indicates he met with Grazulis "last month" and at that time Grazulis informed his counsel that Golden "may have some information that can help him clear his name." Assuming counsel met with Grazulis on October 31, 2011, the petition was not filed until March 12, 2012—133 days later.

[3] The Legislature provided a one-year grace period (January 16, 1996–January 16, 1997) to *first-time* PCRA petitioners whose judgments of sentence became final prior to the effective date of the amended Act. **See Commonwealth v**. **Alcorn**, 703 A.2d 1054, 1057 (Pa. Super. 1997). The grace period does not apply here.