J-S49034-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN ERNEST TAYLOR | : | |
| | : | |
| Appellant | : | No. 1448 WDA 2019 |

Appeal from the PCRA Order Entered September 13, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0003820-2016

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                 FILED NOVEMBER 13, 2020

Appellant, Kevin Ernest Taylor, appeals pro se from the September 13, 2019, Order entered in the Court of Common Pleas of Allegheny County denying his second petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, following an evidentiary hearing.  After a careful review, we affirm.

The relevant facts and procedural history are as follows:  On November 3, 2016, Appellant, who was represented by counsel, entered a guilty plea to the sole charge of driving while under the influence of a controlled substance-impaired ability-second offense, 75 Pa.C.S.A. § 3802(d)(2). On that same date, the trial court sentenced Appellant to ninety (90) days of house arrest, as well as a concurrent eighteen (18) months of probation.   The trial court

_____

[*] Former Justice specially assigned to the Superior Court.

specifically indicated the period of probation would begin on "the date of sentence." N.T., 11/3/16, at 9.

On or about January 4, 2018, Appellant filed a pro se PCRA petition, and the PCRA court appointed counsel. The PCRA court gave notice of its intent to dismiss the petition, and by order entered on May 11, 2018, the PCRA court denied Appellant's PCRA petition.

On or about March 5, 2019, Appellant filed a second pro se PCRA petition, and the PCRA court appointed counsel. On July 19, 2019, counsel filed a motion seeking to withdraw his representation. On July 23, 2019, the PCRA court provided Appellant with notice of its intent to dismiss the PCRA petition and granted counsel's motion to withdraw.

On August 12, 2019, the PCRA court denied Appellant's second PCRA petition; however, on August 14, 2019, the PCRA court received Appellant's pro se response to the PCRA court's notice of its intent to dismiss.[1] Accordingly, on August 22, 2019, the PCRA court vacated its August 12, 2019, dismissal order to consider Appellant's pro se response.[2]

_____

[1] The record reveals the pro se response was handed to prison officials on Monday, August 12, 2019. Thus, the pro se response is deemed to have been filed on August 12, 2019. See Commonwealth v. Crawford, 17 A.3d 1279, 1281 (Pa.Super. 2011) ("Under the prisoner mailbox rule, we deem a pro se document filed on the date it is placed in the hands of prison authorities for mailing.").

[2] 42 Pa.C.S.A. § 5505 relevantly provides the following:
    Except as otherwise provided or prescribed by law, a court upon
    notice to the parties may modify or rescind any order within 30

On September 9, 2019, the PCRA court held an evidentiary hearing at which the Commonwealth averred Appellant was ineligible for PCRA relief in that his sentence expired on May 3, 2018. On September 13, 2019, the PCRA court entered an order denying Appellant's second PCRA petition, and this timely pro se appeal followed.

In its Pa.R.A.P. 1925(a) opinion, the PCRA court explained it denied Appellant's second PCRA petition since Appellant is no longer serving a sentence of imprisonment, probation, or parole in the instant matter, and thus, he is not eligible for relief under the PCRA. After a careful review, we agree with the PCRA court.

Initially, we note the following:

> On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review.

Commonwealth v. Nero, 58 A.3d 802, 805 (Pa.Super. 2012) (quotation marks and quotations omitted).

_____

days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S.A. § 5505. Here, the PCRA court vacated its August 12, 2019, order on August 22, 2019, and Appellant did not take an appeal from the August 12, 2019, order. Accordingly, the PCRA court had jurisdiction to vacate the order in the instant case.

The statutory requirements for eligibility for post-conviction collateral relief are set forth at 42 Pa.C.S.A. § 9543, which states, in relevant part:

> (a) General rule. To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
>
> (i) currently serving a sentence of imprisonment, probation or parole for the crime[.]

42 Pa.C.S.A. § 9543(a)(1)(i).

Case law has strictly interpreted the requirement that the petitioner be currently serving a sentence for the crime to be eligible for relief under the PCRA.

> [T]he denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the statute. To be eligible for relief a petitioner must be currently serving a sentence of imprisonment, probation or parole. To grant relief at a time when appellant is not currently serving such a sentence would be to ignore the language of the statute.

Commonwealth v. Ahlborn, 548 Pa. 544, 699 A.2d 718, 720 (1997) (emphasis omitted).

Here, Appellant was sentenced on November 3, 2016, to ninety (90) days of house arrest and a concurrent eighteen (18) months of probation. As of May 3, 2018, prior to Appellant filing the instant PCRA petition, Appellant had served the entirety of his sentence.

Since the PCRA requires that a petitioner be serving his or her sentence at the time relief is granted, we conclude the PCRA court properly held that

Appellant is not eligible for PCRA relief on this basis. See Commonwealth v. Descardes, 635 Pa. 395, 136 A.3d 493 (2016) (holding the petitioner was no longer serving a sentence, so he was ineligible for PCRA relief; the petitioner's ineligibility deprived the court of jurisdiction to entertain the petition).

For all of the aforementioned reasons, we affirm the PCRA court's denial of Appellant's second PCRA petition.[3]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2020

_____

[3] We note Appellant contends he was entitled to the assistance of counsel throughout the litigation of his second PCRA petition. However, this Court has held there is no automatic right to appointed counsel with regard to second PCRA petitions. Commonwealth v. Vega, 754 A.2d 714 (Pa.Super. 2000).