J-S04028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANGEL ECHEVARRIA | : | |
| | : | |
| Appellant | : | No. 500 EDA 2021 |

Appeal from the PCRA Order Entered February 10, 2021
In the Court of Common Pleas of Northampton County
Criminal Division at CP-48-CR-0001248-2008

BEFORE: BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.: **FILED FEBRUARY 24, 2022**

Angel Echevarria (Appellant) appeals *pro se* from the order dismissing his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

This Court recently summarized the underlying facts as follows:

> In 2007, a conspiracy to rob James Garcia of a large sum of drug money was formed by Mr. Garcia's ex-wife, Susan Stohl; her then-paramour, Julio Lopez [(Mr. Lopez)]; Appellant; Hakim Wakeel [(Mr. Wakeel)]; and another man. During the conspirators' raid of Garcia's house, both Mr. Garcia and Daniel Rivera, who was also present at the time, were shot. Mr. Garcia recovered but Mr. Rivera did not.

*Commonwealth v. Echevarria*, 248 A.3d 466, at *1 (Pa. Super. 2021) (unpublished memorandum).

---

[*] Former Justice specially assigned to the Superior Court.

In September 2010, a jury convicted Appellant of numerous crimes, including second-degree murder and robbery. In October 2010, the trial court sentenced Appellant to life in prison. This Court affirmed the judgment of sentence and the Pennsylvania Supreme Court denied allowance of appeal. ***Commonwealth v. Echevarria***, 38 A.3d 930 (Pa. Super. 2011) (unpublished memorandum), ***appeal denied***, 51 A.3d 837 (Pa. 2012).

In August 2013, Appellant timely but unsuccessfully filed a first PCRA petition. This Court affirmed and the Pennsylvania Supreme Court denied allowance of appeal. ***Commonwealth v. Echevarria***, 116 A.3d 678 (Pa. Super. 2014) (unpublished memorandum), ***appeal denied***, 121 A.3d 494 (Pa. 2015).

In April 2018, Appellant filed a second PCRA petition, which he subsequently withdrew.

On February 10, 2020, Appellant *pro se* filed the PCRA petition giving rise to this appeal. We explained:

> [Appellant] claimed that he was entitled to a new trial based upon the [newly]-discovered evidence that "the Commonwealth case against him was based upon the tainted testimony of the sole witness against [Appellant,] who later in another proceeding admitted that he had in fact lied" at Appellant's trial. PCRA Petition, 2/10/20, at 3. Specifically, Appellant contended that at a 2016 PCRA hearing for Appellant's co-defendant Mr. Wakeel, Mr. Lopez admitted that he had lied at Appellant's trial when he denied "receiving special treatment for his testimony."[FN]1 ***Id.*** at 7. Appellant claimed that the Commonwealth knew all along that Mr. Lopez lied at Appellant's trial, and that [Appellant] had "recently learned of these corrupt tactics via a letter he received from his former attorney." ***Id.*** at 12.

[FN]1 Appellant attached to his PCRA petition excerpts of the transcripts of Lopez's testimony at Appellant's trial and at Wakeel's PCRA hearing. *See* PCRA Petition, 2/10/20, at Exhibits A and B.

*Echevarria*, 248 A.3d 466, at *3 (footnote in original); *see also id.* at *8 (stating that the October 30, 2019 letter Appellant received from his former attorney, "mentions nothing about Mr. Lopez's 2016 testimony at Mr. Wakeel's PCRA hearing").

In April 2020, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. By order entered May 15, 2020, the PCRA court denied relief on the merits. Appellant timely appealed. Upon review, we vacated the order and remanded to the PCRA court with instructions to "make a determination of the timeliness of Appellant's petition before undertaking any analysis of its merits." *Id.* at **9-10 (footnote omitted).

On January 19, 2021, the PCRA court issued Rule 907 notice of its intent to dismiss Appellant's petition on the basis that it was untimely and failed to satisfy an exception to the time bar. Appellant filed a *pro se* response on February 3, 2021, claiming that the PCRA court failed to adhere to this Court's remand directive. Appellant conceded the untimeliness of his petition, but argued he met the "newly discovered fact" exception in 42 Pa.C.S.A. § 9545(b)(1)(ii).[1]

_____

[1] Appellant did not explain the fact or indicate when he learned about it.

The PCRA court dismissed Appellant's petition by order entered February 10, 2021. Appellant timely appealed. The PCRA court ordered Appellant to "file of record in this [c]ourt and serve upon the undersigned a concise statement of the errors complained of on appeal." Order, 3/3/21. Although Appellant sent a copy of his *pro se* statement to the PCRA court, he did not file it, and it is not in the certified record. Nonetheless, the PCRA court issued an opinion.

On appeal, Appellant presents a single question for review:

Is Appellant entitled to a hearing to address the issue of whether or not he met the standards for a new trial pursuant to the Newly-discovered facts standards and where the PCRA court failed to honor this Court's Order to do so[?]

Appellant's Brief at 4.

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Hand**, 252 A.3d 1159, 1165 (Pa. Super. 2021) (citation omitted). This Court "will not disturb the findings of the PCRA court unless those findings have no support in the certified record." **Commonwealth v. Rivera**, 154 A.3d 370, 377 (Pa. Super. 2017) (*en banc*). Further, a PCRA court's decision to deny a request for an evidentiary hearing "is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." **Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015).

We first address the Commonwealth's waiver argument based on Appellant's failure to file his Rule 1925(b) statement of record. **See** Commonwealth Brief at 6-8 (citing, *inter alia*, **Commonwealth v. Schofield**, 888 A.2d 771 (Pa. 2005) (superseded by statute on other grounds)). In **Schofield**, the *pro se* appellant violated the trial court's Rule 1925(b) order by failing to file his Rule 1925(b) statement of record. **Schofield**, 888 A.2d at 773-74. The Pennsylvania Supreme Court held that this defect resulted in waiver of all issues. **Id.** at 774 ("failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in **automatic waiver** of the issues raised," even where the trial court received the Rule 1925(b) statement and issued a responsive opinion (emphasis added)); **see also Commonwealth v. Wholaver**, 903 A.2d 1178, 1184 (Pa. 2006) (citing **Schofield** with approval and finding waiver); **Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011) (superseded on other grounds) (stating the provisions of Rule 1925(b) "are not subject to *ad hoc* exceptions or selective enforcement").

Applying **Schofield** and its progeny, we are constrained to agree with the Commonwealth. **See Schofield**, **supra**; Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this [Rule] are waived"); **see also** PCRA Court 1925(b)

- 5 -

Order, 3/3/21 (cautioning Appellant that failure to comply with the order could result in waiver).[2]

Waiver notwithstanding, we would discern no error by the PCRA court. A PCRA petition must be filed within one year of the petitioner's judgment of sentence becoming final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). "If a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition." *Commonwealth v. Reid*, 235 A.3d 1124, 1140 (Pa. 2020) (citation omitted).

Appellant's sentence became final in December 2012. Because Appellant filed his petition in February 2020, it is facially untimely. We may consider an untimely PCRA petition if the petitioner pleads and proves an exception set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition invoking an exception must "be filed within one year of the date the claim could have been presented." *Id.* § 9545(b)(2).

Appellant has invoked the newly discovered fact exception at subsection 9545(b)(1)(ii). We have explained that the exception,

---

[2] Moreover, although we are "willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." *Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa. Super. 2005).

requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced.

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted).

The Commonwealth persuasively argues:

At this juncture, in relation to his February 2020 PCRA petition, Appellant has filed the petition itself, an appellate brief, objections to the PCRA court's second Rule 907 notice, and a second appellate brief. At no time has he ever specifically alleged when he learned about the recantation testimony[, *i.e.*, by Mr. Lopez in 2016,] that [Appellant] claims constitutes an unknown fact.

Commonwealth Brief at 13; *see also id.* at 12-13 (noting the 2019 letter from Appellant's former counsel "attached to the PCRA petition does not make any reference to the alleged unknown fact or the 2016 proceeding. Rather, the letter states that the lawyer had enclosed a copy of Appellant's own 'court transcript.'" (citation to exhibit and footnote omitted)).

In his petition, Appellant vaguely claims he "recently learned" about Mr. Lopez's purported 2016 recantation upon receiving the 2019 letter from his attorney. PCRA Petition, 2/10/20, at 12. Appellant's claim is insufficient to meet his burden of pleading and proving newly a discovered fact. *See*, *e.g.*, *Commonwealth v. Vega*, 754 A.2d 714, 718 (Pa. Super. 2000) (petitioner failed to establish the newly discovered fact exception where he "neglected to provide, in both his PCRA petition and in his brief, the date on which he learned

of" the new fact); *see also* PCRA Court Order, 2/10/21, at 3 ("While [Appellant] is accurate in asserting that the jurisdictional bar would be lifted if he proved the facts upon which his claim is predicated were previously unknown to him and that he could not have previously ascertained those facts by the exercise of due diligence, he must first allege those facts that he would seek to prove, not merely invoke the language of the statute.").[3]

Further, this Court previously recognized that Appellant's petition "pleads no facts concerning the efforts Appellant took to discover these new facts[, *i.e.*, regarding Mr. Lopez's recantation testimony given approximately four years earlier], nor any [facts] to explain why he could not have discovered them earlier with the exercise of due diligence." *Echevarria*, 248 A.3d 466, at *8. It is a "strict" rule that a petitioner must explain why he could not have learned of new facts earlier with the exercise of due diligence. *See Brown*, *supra*; *see also Commonwealth v. Yarris*, 731 A.2d 581, 590 (Pa. 1999) (petitioner fails to satisfy subsection 9545(b)(1)(ii) if he "makes no attempt to explain why the [new fact(s)] … could not, with the exercise of due diligence, have been obtained much earlier.").

_____

[3] Moreover, Appellant failed to comply with 42 Pa.C.S.A. § 9545(b)(2). *See Commonwealth v. Williams*, 35 A.3d 44, 53 (Pa. Super. 2011) ("A petitioner must explain when he first learned of the facts underlying his PCRA claims and show that he brought his claim within" the one-year time requirement of subsection 9545(b)(2)).

Finally, there is no merit to Appellant's claim that the PCRA court failed to comply with this Court's remand directive in **Echevarria**, 248 A.3d 466. **See** PCRA Court Opinion, 4/1/21, at 2-3 (explaining the PCRA court's compliance with the remand directive).

Consistent with the foregoing, we affirm the PCRA court's dismissal of Appellant's third PCRA petition.

Order affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date:* _2/24/2022_